**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **BESSIE JACKSON, individually and on behalf of all others similarly situated** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:24-cv-00109** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, et al.,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL
AND MERITAS HEALTH CORPORATION'S  NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Board of Trustees of North Kansas City Hospital and Meritas Health Corporation ("**Defendants**") file this Notice of Removal of the case from the Circuit Court of Clay County, Missouri to the United States District Court for the Western District of Missouri, and state as follows:

**BACKGROUND**

1.       On January 10, 2024, Plaintiff Bessie Jackson ("**Plaintiff**") commenced this action in the Circuit Court of Clay County, Missouri, by filing a Petition ("**Petition**") styled *Bessie Jackson, individually and on behalf of all others similarly situated v. Board of Trustees of North Kansas City Hospital, Meritas Health Corporation, and Perry Johnson & Associates, Inc.*, Case No. 24CY-CV00519 (the "**State Court Action**"). Pursuant to § 1446(a), all documents that have been received by Defendants, including the Petition, are attached as **Exhibit A**.

2.       The Petition in the State Court Action alleges that Plaintiff is a citizen of Missouri.

1

3.     Defendant Board of Trustees of North Kansas City Hospital is a municipal entity of North Kansas City, Missouri.

4.     Defendant Meritas Health Corporation is a Missouri nonprofit corporation.

5.     According to the Petition, Defendant Perry Johnson & Associates ("**PJA**") is a Nevada corporation with its principal place of business located in Henderson, Nevada.

6.     The Petition generally involves certain data security incidents that she alleges took place in the spring of 2023. Specifically, Plaintiff alleges that, during March and April 2023, an unidentified intruder or intruders gained unauthorized access to "PJA's network systems" and unlawfully accessed and withdrew personally identifiable information ("**PII**") and protected health information ("**PHI**") that belonged to Plaintiff and the other members of the putative class (as defined in the Petition, the "**Class Members**"). Pet. ¶ 3.  The Petition defines the alleged data security incident as the "**Data Breach**." Pet. ¶ 3.

7.     Plaintiff alleges that she and the other members of the putative class suffered damages from the Data Breach and she alleges that she "asserts claims for negligence, negligence per se, breach of fiduciary duty, breach of express contract, breach of implied contract, unjust enrichment, and violations of the Missouri Merchandising Practices Act, and seeks declaratory relief, injunctive relief, monetary damages, statutory damages, equitable relief, and all other relief authorized by law." Pet. ¶ 6.

8.     Plaintiff was not the first to file a putative class action after the alleged intrusion and Data Breach of PJA's technological systems.  In the last weeks of 2023, well over two dozen other nearly identical putative class action lawsuits have been filed against PJA and other hospital

defendants who had contracted with PJA.[1]

9.    The cited lawsuits include the same or similar allegations and causes of action as

the Petition here and are based on the same underlying facts.  Moreover, there is substantial—and,

in some instances, complete—overlap among the putative classes across the various class action

---

[1] A partial listing includes the following cases: *Gill v. Perry Johnson & Associates, Inc. and Northwell Health, Inc.*, No. 2:23-cv-01851 (D. Nev., filed Nov. 10, 2023); *Lowery v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01857 (D. Nev., filed Nov. 13, 2023); *Carter v. Cook County Health and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01866 (D. Nev., filed Nov. 13, 2023); *Gerber v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08467 (E.D.N.Y., filed Nov. 14, 2023); *O'Rourke v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01880 (D. Nev., filed Nov. 14, 2023); *Rodriguez et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01874 (D. Nev., filed Nov. 14, 2023); *Levitt v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01892 (D. Nev., filed Nov. 16, 2023); *Mayo et al. v. Northwell Health, Inc. and Perry Johnson & Associates*, No. 2:23-cv-08517 (E.D.N.Y., filed Nov. 16, 2023); *Vasquez v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08544 (E.D.N.Y., filed Nov. 16, 2023); *Hvidsten et al. v. Northwell Health, Inc.*, No. 2:23-cv-08538 (E.D.N.Y., filed Nov. 16, 2023); *Vetere v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01900 (D. Nev., filed Nov. 17, 2023); *Belov et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08583 (E.D.N.Y., filed Nov. 17, 2023); *Kurtev et al. v. Cook County Health & Hospitals System and Perry Johnson & Associates, Inc.*, No. 2:23-cv-1905 (D. Nev., filed Nov. 17, 2023); *Brewster v. Northwell Health, Inc. and Perry Johnson & Associates*, No. 2:23-cv-08627 (E.D.N.Y., filed Nov. 20, 2023); *Faivre v. Perry Johnson & Associates, Inc., Northwell Health, Inc., and Cook County Health*, No. 2:23-cv-01926 (D. Nev., filed Nov. 20, 2023); *Jerome v. Northwell Health*, No. 2:23-cv-08624 (E.D.N.Y., filed Nov. 20, 2023); *Belov et al. v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01925 (D. Nev., filed Nov. 20, 223); *Colon et al. v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01910 (D. Nev., filed Nov. 20, 2023); *Marconi et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-08638 (E.D.N.Y., filed Nov. 21, 2023); *Kaufman v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-01935 (D. Nev., filed Nov. 21, 2023); *Davis v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01932 (D. Nev., filed Nov. 21, 2023); *Shanahan et al. v. Perry Johnson & Associates, Inc., Northwell Health, Inc., Salem Regional Medical Center, and Cook County Health*, No. 2:23-cv-01947 (D. Nev., filed Nov. 22, 2023; amended complaint filed Dec. 4, 2023); *O'Neill et al. v. Perry Johnson & Associates, Inc. and County of Cook, Illinois*, No. 2:23-cv-01964 (D. Nev., filed Nov. 28, 2023); *L.G. v. Perry Johnson & Associates, Inc. and Northwell Health, Inc.*, No. 2:23-cv-01987 (D. Nev., filed Nov. 30, 2023); *Sept et al. v. Perry Johnson & Associates, Inc.*, No. 2:23-cv-01983 (D. Nev., filed Nov. 30, 2023); and *Ruderman et al. v. Northwell Health, Inc. and Perry Johnson & Associates, Inc.*, No. 2:23-cv-02014 (D. Nev., filed Dec. 6, 2023).

complaints and the class alleged in this Petition.

10.     Because so many overlapping and duplicative class action lawsuits were filed, proceedings were instituted before the Judicial Panel on Multidistrict Litigation ("**JPML**"), which on January 30, 2024 issued a Transfer Order captioned *In re: Perry Johnson & Associates Medical Transcription Data Security Breach Litigation*, MDL No. 3096. In that Transfer Order, the JPML consolidated at least 26 actions in the United States District Court for the Eastern District of New York and assigned those actions to the Honorable Rachel P. Kovner for coordinated and consolidated proceedings.

11.     Concurrent with this Notice of Removal, Defendants are filing a Notice of Potential Tag-Along Actions before the JPML and expect that this matter will likewise be transferred to the United States District Court for the Eastern District of New York.

<u>**TIMELINESS OF REMOVAL**</u>

12.     Plaintiff obtained a Summons in the State Court Action dated January 18, 2024 and served the moving Defendants on February 2, 2024. Defendants understand that Plaintiff served Defendant PJA on or around January 26, 2024.

13.     This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within 30 days after the date Defendants were served.

<u>**BASIS FOR REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(D) AND 1453**</u>

14.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1332(d). As detailed below, all elements necessary for CAFA jurisdiction are stated in the Petition:

      a.     The putative class is a proposed class action within the meaning of CAFA;

    b.   Any member of a class of plaintiffs is a citizen of a State different from any defendant;

    c.   The number of members of all proposed plaintiff classes in the aggregate is at least 100; and

    d.   The amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs.

*See* 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6).

15.    ***Removal to this Court is proper because this case is a proposed "class action" within the meaning of CAFA.*** CAFA's definition of "class action" includes "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that the Petition is brought as a class action on her behalf and on behalf of "approximately 502,438 other individuals." Pet. ¶ 1. Plaintiff also alleges that the "action is brought and may be properly maintained as a class action pursuant to Mo. Sup. Ct. R. 52.08." Pet. ¶ 55. Class Actions under Rule 52.08 are class actions brought under a "similar State statute" to Rule 23 of the Federal Rules of Civil Procedure, and thus fall within CAFA's definition of "class action." *See* 28 U.S.C. § 1332(d)(1)(B).

16.    ***Removal to this Court is proper because the parties are minimally diverse.*** The Petition alleges that the named Plaintiff "is a citizen of Missouri," while she alleges that PJA "is a Nevada corporation with its principal place of business" in Henderson, Nevada. Pet. ¶¶ 7, 16. Therefore, the named Plaintiff "is a citizen of a State different from" defendant PJA, and these alleged facts satisfy CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(1)(B).

17.    ***Removal to this Court is proper because the proposed class exceeds 100 individuals.*** The Petition alleges that Plaintiff brings the Petition as a class action on her behalf

and on behalf of "approximately 502,438 other individuals." Pet. ¶ 1. This far exceeds CAFA's minimum requirement of 100 people.

18.    ***Removal to this Court is proper because the matter in controversy exceeds $5 million.*** Plaintiff, individually and on behalf of the putative class, alleges that she "asserts claims for negligence, negligence per se, breach of fiduciary duty, breach of express contract, breach of implied contract, unjust enrichment, and violations of the Missouri Merchandising Practices Act, and seeks declaratory relief, injunctive relief, monetary damages, statutory damages, equitable relief, and all other relief authorized by law." Pet. ¶ 6.

19.    While Plaintiff does not specify a claimed amount, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Here, Plaintiff claims to be seeking damages for, among other things, "(i) a substantial increase in the likelihood of identity theft; (ii) the compromise, publication, and theft of their PII/PHI; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from unauthorized use of their PII/PHI; (iv) lost opportunity costs associated with effort attempting to mitigate the actual and future consequences of the Data Breach; (v) the continued risk to their PII/PHI which remains in Defendants' possession; (vi) future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the PII/PHI compromised as a result of the Data Breach; and (vii) overpayment for the services that were received without adequate data security." Pet. ¶ 73.

20.    Plaintiff also seeks injunctive relief, which can be included in the assessed value of the claim. *See, e.g.*, *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). Moreover, when considering the size of the putative class that numbers in the hundreds of thousands, *see*

Pet. ¶ 1, Defendants can plausibly assert that Plaintiff's request for monetary damages exceeds the $5 million amount-in-controversy requirement under 28 U.S.C. § 1332(d)(2).[2] *See Dart Cherokee*, 135 S. Ct. at 554.

21.     Because the Petition satisfies each of CAFA's jurisdictional requirements, the State Court Action can be properly removed to this Court.

## DEFENDANTS SATISFY THE PROCEDURAL REQUIREMENTS FOR REMOVAL

22.     Removal is timely under 28 U.S.C. § 1446(b), because Defendants are removing this action within 30 days of being served with the Petition in the State Court Action.

23.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the State Court Action was pending.

24.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the State Court Action (including the summons and complaint) are attached hereto as Exhibit A.

25.     All served defendants have consented to the removal of this action. Counsel for Defendants also contacted counsel for PJA, and PJA consents to the removal of this action.

## NOTICE TO STATE COURT AND PLAINTIFF

26.     Pursuant to 28 U.S.C. § 1446(d), Defendants filed this Notice with the Court, are serving a copy of this Notice upon counsel for Plaintiff, and are filing a Notice of Filing of Notice of Removal in the Circuit Court of Clay County, Missouri. A copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as **Exhibit B**.

---

[2]  Defendants also note that plaintiffs in many, if not all, of the two-dozen-plus lawsuits filed in federal court and consolidated by the JPML included allegations that the alleged Data Breach of PJA's network systems involved an amount in controversy that exceeds $5 million.

**WHEREFORE**, the case now pending in the Circuit Court of Clay County, Missouri, under the caption *Bessie Jackson, individually and on behalf of all others similarly situated v. Board of Trustees of North Kansas City Hospital, et al.*, Case No. 24CY-CV00519, is hereby removed to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: February 13, 2024                    Respectfully submitted,

BOULWARE LAW LLC

/s/ *Brandon J.B. Boulware*

Brandon J.B. Boulware        MO        #54150
Jeremy M. Suhr              MO        #60075
1600 Genessee, Suite 416
Kansas City, Missouri 64102
Tele:   (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com


ROUSE FRETS WHITE GOSS
        GENTILE RHODES, P.C.

 /s/ Timothy S. Frets

Timothy S. Frets            MO        #28019
5250 W. 116th Place, Suite 400
Leawood, KS 66211
Phone: (913) 387-1600
Fax:    (913) 928-6739
tfrets@rousepc.com

*Attorneys for Defendants Board of
Trustees of North Kansas City Hospital
and Meritas Health Corporation*

8

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 13th day of February 2024, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

/s/ Brandon J.B. Boulware        
*Attorney for Defendants Board of*
*Trustees of North Kansas City Hospital*
*and Meritas Health Corporation*
